UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| FRANK INFANTE, individually and on behalf of Hub City Motors and Car Wash, J.S. Motorsport, and family business interests,<br><br>            Plaintiff,<br><br>   vs.<br><br>WAGNER HOLDING TRUST; JOYCE WAGNER, Individually and as Trustee; ANGELA HASE, Individually and as Trustee; ROBERT RONAYNE; REBECCA RONAYNE; CITY OF ABERDEEN; PAULA NELSON, Zoning Officer; RONALD WAGER, City Attorney; MAYOR TRAVIS SCHAUNAMAN, Mayor;  ABERDEEN POLICE DEPARTMENT; DAVE MCNEIL, Chief of Police; BRAXTON FARMEN, Patrol Officer; OFFICER #365 JOHN DOE, Aberdeen Police Department; OFFICER #400 JOHN DOE, Aberdeen Police Department; OFFICER #371 JOHN DOE, Aberdeen Police Department; OFFICER #394 JOHN DOE, Aberdeen Police Department; OFFICER #393 JOHN DOE, Aberdeen Police Department; MATTHEW TYSDAL, Attorney for Wagners; CRAIG MATSON, Assurance Alliance Representative,<br><br>            Defendants. | 3:25-CV-03019-ECS<br><br>OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

On August 26, 2025, Plaintiff Frank Infante, proceeding *pro se*, filed a Complaint in this Court alleging various federal civil rights and state-law claims against the City of Aberdeen, South Dakota, its mayor; its zoning officer; its police force; its counsel; its insurer's claims adjuster; a trust that bears the same last name as his landlord (a limited liability company); the

trustees of that trust; counsel for his landlord; and the counsel through which he makes his lease payments. Doc. 1; Doc. 1-2 at 12, 35, 80, 86.

## I.  Mr. Infante's Claims

Mr. Infante's claims are undeveloped. The Court construes them as follows:

Count I: Breach of Contract (Wagner Holding Trust, Joyce Wagner, Angela Hase). Doc. 1 at 2. Mr. Infante's lease agreement was breached when: (1) he was not permitted to purchase the leased property in full; (2) his landlord or its representatives unlawfully increased the price of full purchase; (3) Mr. Infante was forced to pay for repairs that his landlord was responsible for while his landlord ignored other needed repairs; and (4) his landlord orchestrated an effort to remove him from the property. Doc. 1-2 at 3, 11, 24–32, 88.

Count II: Fraudulent Misrepresentation and Inducement (Wagner Holding Trust, Joyce Wagner, Angela Hase). Doc. 1 at 2. The Court presumes this count relates to the same acts or failures to act recounted in Count I.

Count III: Civil Rights Violations under 42 U.S.C. § 1983 (City of Aberdeen, Paula Nelson, Police Department, Chief Dave McNeil, Mayor Schaunaman, Patrol Officer Farmen, John Doe Officers). Doc. 1 at 2. City actors are violating Mr. Infante's civil rights by: (1) selectively enforcing zoning and code enforcement actions against him; (2) making false arrests; (3) retaliatory targeting of Mr. Infante and his family; (4) deleting DVR evidence of the city's unlawful conduct; and (5) creating an "unconstitutional gag order" by requiring he only communicate with an insurance claims adjuster regarding his claims. Doc. 1-2 at 37–39, 41, 43, 53, 57, 60, 77, 81.

Count IV: Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985 (all Defendants). Doc. 1 at 2. Mr. Infante's landlord is coordinating with city officials, counsel, and the Aberdeen

2

Police Department to target him, interfere with his license, and apply pressure "designed to remove [him] from the building." Doc. 1-2 at 88.

Count V: Abuse of Process and Retaliation (City Attorney Ronald Wager, Robert Ronayne, City of Aberdeen). Doc. 1 at 2. The Court presumes the abuse of process and retaliation count refers to the selective enforcement of zoning and code enforcement alleged by Mr. Infante. Doc. 1-2 at 37–39.

Now before the Court is Mr. Infante's Motion for Temporary Restraining Order ("TRO"), filed the same day. Doc. 5. The relief sought is an order that the Aberdeen Police Department cease harassing Mr. Infante, his family, and his business; stop interfering with his property rights; and stop retaliating against him while this case is pending. Id. at 2.

## II.     Legal Standards

As a preliminary matter, the Court notes that Mr. Infante appears "individually and on behalf of Hub City Motors and Car Wash, J.S. Motorsport, and family business interests." Doc. 1 at 1. The law only allows him to personally plead and conduct a case if it is his own. 28 U.S.C. § 1654; see Weigel v. City of Flandreau, No. 4:23-CV-04184-ECS, 2025 WL 487153, at *2 (D.S.D. Feb. 13, 2025) ("Only a licensed attorney can represent the interests of another person.") (collecting cases, including Jones ex rel. Jones v. Corr. Med. Servs., 401 F.3d 950, 952 (8th Cir. 2005)); Ward v. U.S. Marshals, No. 5:23-CV-05061-CCT, 2025 WL 949242, at *15 (D.S.D. Mar. 28, 2025) ("Under 28 U.S.C. § 1654, a pro se plaintiff may plead their own cases in federal court, but a pro se plaintiff cannot bring claims on behalf of others.") (citation omitted). Accordingly, the Court considers the motion for TRO only as to Mr. Infante.

Nothing on the record indicates Mr. Infante provided oral or written notice of this motion to any adverse party.[1] Absent such notice, the Court may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

As to subdivision (b)(1)(A), Mr. Infante did not file a verified complaint, nor an affidavit. See generally Docs. 1, 1-1, 1-2, 5. Although Mr. Infante uses the word "affidavit" to describe two filings, see Doc. 1-2 at 41, 43, these affidavits are invalid, as they lack a signature, and were not either (1) "attested before a notary public, and bearing a notary seal"; or (2) accompanied by a declaration "under penalty of perjury that the foregoing is true and correct." Jenkins v. Winter, 540 F.3d 742, 747 (8th Cir. 2008); 28 U.S.C. § 1746(2).

As to subdivision (b)(1)(B), Mr. Infante, acting as his own attorney, did not certify in writing any efforts he made to give notice of his motion.

Even ignoring these procedural defects, Mr. Infante's Complaint and attachments do not give this Court reason to believe "immediate and irreparable injury, loss, or damage will result" if the Court does not act. To arrive at this conclusion, the Court weighs the Dataphase factors. Rural Cellular Corp. v. SLB Milbank, LLC, 1:25-CV-01010-ECS, 2025 WL 1823056, at *4 (D.S.D. July 2, 2025); see Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir.

---

[1] Mr. Infante attaches an email from July 22, 2025, that appears on its face to have been sent to Craig Matson, the city's claims adjuster. Doc. 1-2 at 56–57, 80. The email states, "Today, I will also be sending you . . . Notice that I am filing for a Temporary Restraining Order (TRO) for protection." Id. at 57. The email was sent over a month before Mr. Infante filed his Complaint, and there is no evidence of actual notice sent to Mr. Matson or any named defendant.

4

1981) (en banc). These are: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Rural Cellular Corp., 2025 WL 1823056, at *4 (quoting Dataphase Sys., Inc., 640 F.2d at 114).

### III.   Discussion

Turning to the factors: As to factor one, the threat of irreparable harm, Mr. Infante claims, "[i]f no TRO is granted, I risk losing my property rights . . . and suffering further harm to my family and businesses." Doc. 5 at 2. Mr. Infante has not alleged, and this Court does not infer that physical safety is a concern. As to any property rights or financial harm, Mr. Infante's filing makes clear that their value is quantifiable. See, e.g., Doc. 1-2 at 56–57 (offering "Final 24-Hour Opportunity" to pay $50 Million to settle claims against city). Where money damages can fully compensate an injury, there is no threat of irreparable harm. GMC v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009). Factor one weighs against issuing the TRO.

As to factor two, balancing the Plaintiff's alleged harm with the injury the TRO would inflict on the Aberdeen Police Department, Mr. Infante argues the factor favors him, "since this TRO would only stop the Defendants from unlawful conduct." Doc. 5 at 2. The argument is superficially appealing because Mr. Infante only asks that Aberdeen Police cease "harassing" him, "interfering with [his] property rights," and "retaliati[ng] against [him]." Id. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The concepts of harassment, interference, and retaliation do not inform the Court of the precise acts Mr. Infante seeks cessation of. The possibility that those acts may be lawful, and

5

even necessary, despite Mr. Infante's insistence otherwise, prevents this Court from meaningfully balancing the parties' interests.

Factor three, the probability that Mr. Infante will succeed on the merits, is the "most significant" factor. Schmitt v. Rebertus, ___ F.4th ___, 2025 WL 2352582, at *5 (8th Cir. Aug. 14, 2025) (quoting Home Instead, Inc. v. Florance, 721 F.3d 494, 497 (8th Cir. 2013)). Mr. Infante "must demonstrate that he has a fair chance of prevailing on the merits" by showing "that his claims provide fair ground for litigation, but he need not show that he has a greater than fifty percent likelihood of success." Id. (quoting Sleep No. Corp. v. Young, 33 F.4th 1012, 1016–17 (8th Cir. 2022)) (citation modified).

Because Mr. Infante seeks a TRO against only one defendant—the Aberdeen Police Department—the Court focuses on the probability of Mr. Infante's success as to claims against that entity. Mr. Infante asserts a "strong chance of success on the merits because [he has] contracts, financial records, and evidence of misconduct." Doc. 5 at 2. But as the Court reviews the filings before it, any misconduct of the Aberdeen Police Department appears speculative or unsupported. In one example, Mr. Infante recalls dialing 911, but then faults officers for performing an unlawful Terry[2] stop because they responded to the call. Doc. 1-2 at 41. Mr. Infante claims "I have also been subjected to false arrests on prior occasions." Id. But such a legal conclusion cannot survive a motion to dismiss. Twombly, 550 U.S. at 555. Mr. Infante cites to videos—one in which his shop was surrounded by police vehicles and one in which an officer allegedly said, "he was hoping to bust these fools up." Doc. 1-2 at 51. To date, no videos have been provided to the Court for review. Mr. Infante's descriptions of those videos offer the Court no context for it to understand how Mr. Infante's civil rights were violated. The same is

---

[2] Terry v. Ohio, 392 U.S. 1 (1968).

true for Mr. Infante's recollection of a police officer "watching" him. Id. at 57, 60. Even if it is true that a police officer was watching him, Mr. Infante fails to explain how any of this is unlawful, or how any of the alleged conduct connects to a conspiracy between the city and his landlord.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Considering the slight factual matter pleaded by Mr. Infante as it relates to the Aberdeen Police Department violating or conspiring to violate his civil rights, the Court is not persuaded of Mr. Infante's chance of success on the merits. Factor three favors not issuing the TRO.

As to the final factor, the public interest, Mr. Infante states "[t]he public interest supports protecting constitutional rights and stopping abuse of government power." Doc. 5 at 2. No doubt. But Mr. Infante fails to cite the "specific facts" necessary for this Court to understand why such protection is necessary. Fed. R. Civ. P. 65(b)(1)(A). Without those facts, the Court must favor the public interest in protecting the Aberdeen Police Department from a legal matter that "would consume time and energies which would otherwise be devoted to governmental service." Barr v. Matteo, 360 U.S. 564, 571 (1959) (plurality opinion).

## IV.    Order

For the above reasons, and the record as it now exists before this Court, it is hereby:

ORDERED that Plaintiff's Motion for Temporary Restraining Order, Doc. 5, is denied.

A separate order addressing Mr. Infante's Application to Proceed in District Court Without Prepaying Fees or Costs and Motion for Appointment of Counsel is forthcoming. Mr. Infante's newly filed amendment to his Complaint, Doc. 7, does not affect the legal analysis in this Order

and is not discussed for purposes of this Order. The Court will consider the legal effect of that filing in a future order.

    DATED this 2nd day of September, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE
