UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| FRANK INFANTE, individually and on behalf of Hub City Motors and Car Wash, J.S. Motorsport, and family business interests,<br><br>Plaintiff,<br><br>vs.<br><br>WAGNER HOLDING TRUST; JOYCE WAGNER, Individually and as Trustee; ANGELA HASE, Individually and as Trustee; ROBERT M. RONAYNE; REBECCA L. RONAYNE; CITY OF ABERDEEN; PAULA NELSON, Zoning Officer; RONALD WAGER, City Attorney; MAYOR TRAVIS SCHAUNAMAN, Mayor; ABERDEEN POLICE DEPARTMENT; DAVE MCNEIL, Chief of Police; BRAXTON FARMEN, Patrol Officer; OFFICER #365 JOHN DOE, Aberdeen Police Department; OFFICER #400 JOHN DOE, Aberdeen Police Department; OFFICER #371 JOHN DOE, Aberdeen Police Department; OFFICER #394 JOHN DOE, Aberdeen Police Department; OFFICER #393 JOHN DOE, Aberdeen Police Department; MATTHEW TYSDAL, Attorney for Wagners; CRAIG MATSON, Assurance Alliance Representative; WAGNER HOLDING TRUST LLC; ROBERT RONAYNE P.C. (ROBERT RONAYNE LAW OFFICE P.C.); REBECCA RONAYNE P.C. (LAW OFFICE P.C.),<br><br>Defendants. | 3:25-CV-03019-ECS<br><br><br>OPINION AND ORDER DENYING MOTION TO REOPEN CASE, DENYING AS MOOT MOTION TO APPOINT COUNSEL AND MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER, AND GRANTING MOTION TO ELECTRONICALLY FILE DOCUMENTS |

"After a case is finally terminated . . . a court no longer presides." Waetzig v. Halliburton Energy Servs., 604 U.S. 305, 313 (2025). "So, in theory, filing a new motion in the case [is] impossible." Id. at 308. The same holds true for filing an amended complaint. BLOM Bank SAL v. Honickman, 605 U.S. 204, ___, 145 S. Ct. 1612, 1617 (2025). There is a caveat; Federal

Rule of Civil Procedure 60(b), "[o]n motion and just terms," allows a court to "relieve a party . . . from a final judgment." Under that rule, a party may move a court to reopen a case. Waetzig, 604 U.S. at 307, 317.

This Court entered final judgment in Frank Infante's action on September 16, 2025. Doc. 11. Since that time, Infante filed a Notice of Amendment and Caption Correction, Doc. 12; a First Amended Civil Rights Complaint and Demand for Jury Trial, Doc. 13; a Motion for Appointment of Counsel, Doc. 14; a Supplemental Declaration and Exhibits in Support of Plaintiff's Motion for Appointment of Counsel, Doc. 15; an Affidavit of Frank Infante, Doc. 16; Plaintiff's Emergency Motion for Temporary Restraining Order, Doc. 17; a Motion to Reopen Case, Doc. 18; a Statement in Support of Plaintiff's Request for Temporary Restraining Order (TRO), Doc. 19; and a Motion to Electronically File Documents, Doc. 20.

The Motion to Reopen Case is now before this Court, and only the grant of that motion can open the door for the Court to entertain most other filings by Infante. Waetzig, 604 U.S. at 311; cf. BLOM Bank SAL, 605 U.S. at ___, 145 S. Ct. at 1621.

"Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment." BLOM Bank SAL, 605 U.S. at ___, 145 S. Ct. at 1619 (citing Rules 60(b)(1)–(5)). The rule "also includes a 'catchall' provision—Rule 60(b)(6)—that allows a district court to reopen a case for 'any other reason that justifies relief.'" Id. at ___, 145 S. Ct. at 1619 (quoting Kemp v. United States, 596 U.S. 528, 533 (2022)). "Any other reason" means grounds "not already covered" by Rules 60(b)(1)–(5). Id. at ___, 145 S. Ct. at 1619.

Infante moves the Court to reopen his case based on newly discovered evidence. Doc. 18. Accordingly, the Court will address his motion under Rule 60(b)(2), which permits relief for

2

newly discovered evidence. Fed. R. Civ. P. 60(b)(2). Infante states, "Plaintiff submits this motion on the grounds that substantial new evidence and documentation have been provided since the case was closed." Doc. 18 at 1. Infante states, "[t]his includes, but is not limited to, additional exhibits, sworn affidavits, supplemental filings, and supporting proof of constitutional violations." Id.

> [A] Rule 60(b)(2) motion based on the discovery of new evidence must show (1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result.

Miller v. Baker Implement Co., 439 F.3d 407, 414 (8th Cir. 2006) (citing E.E.O.C. v. The Rath Packing Co., 787 F.2d 318, 331 (8th Cir. 1986)). "Where a party had possession of the evidence the entire time, the party's later 'discovery' of the evidence is generally not sufficient to support [the] motion." Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 n.3 (8th Cir. 1994).

The first requirement is dispositive here. While Infante has undoubtedly filed new exhibits previously unseen by this Court, they constitute material alluded to in his first Complaint but not included with his filing. Compare, e.g., Doc. 1-2 at 3 (describing "a video recorded during an attempted tender of payment at the Ronayne law office") with Doc. 13-1 (purporting to include the video evidence as part of First Amended Complaint). Merely improving one's evidence offering does not warrant relief under Rule 60(b)(2). The movant must establish the evidence was not discovered until after the court's order. Miller, 439 F.3d at 414. Infante states, "Plaintiff has also filed additional materials—including a request for a Temporary Restraining Order (TRO) and supplemental evidence—which were not available at the time of the original proceedings." Doc. 18 at 2. But a new motion is not evidence, and everything attached to Infante's new motion for TRO was in his possession before the Court's

final judgment. So, it is insufficient to support reopening. See Doc. 17; Atkinson, 43 F.3d at 371 n.3.

This Court dismissed Infante's Complaint without prejudice. Doc. 11. That means that even if he cannot meet the criteria of Rule 60(b), he can still try again. But if he wants to try again, he must file a new lawsuit and submit a new motion for leave to proceed in forma pauperis or pay the filing fee. The Court offers no opinion as to the viability of any new lawsuit.

For the above reasons, and the record as it now exists before this Court, it is hereby:

ORDERED that the Motion to Reopen Case, Doc. 18, is denied. Accordingly, it is further

ORDERED that the Motion to Appoint Counsel, Doc. 14, and Motion for Emergency Temporary Restraining Order, Doc. 17, are denied as moot. It is finally

ORDERED that the Motion to Electronically File Documents, Doc. 20, is granted to the extent Infante, in accordance with this Opinion and Order, has a need to file anything further on this docket. Infante is cautioned that this case docket is not the vehicle to file a new lawsuit.

DATED this 3rd day of October, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE